# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **JOCELYN BANKS DOOLEY** | **CIVIL ACTION NO. 09-2107-P** |
| **VERSUS** | **JUDGE WALTER** |
| **WARDEN** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this Court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the Court is a petition for writ of habeas corpus filed by pro se petitioner Jocelyn Banks Dooley ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this Court on December 3, 2009. Petitioner is incarcerated at the Louisiana Correctional Institute for Women in St. Gabriel, Louisiana. She challenges her state court convictions and sentences. She names the Warden of the Louisiana Correctional Institute for Women as respondent.

On July 12, 2003, Petitioner was convicted of one count of second degree murder and one count of obstruction of justice in Louisiana's Twenty-Sixth Judicial District Court, Parish of Bossier. On August 22, 2003, she was sentenced to life imprisonment at hard labor as to the second degree murder conviction and forty (40) years imprisonment as to the obstruction of justice convictions. The trial judge ordered the sentences to run consecutively to each other.

In support of this petition, Petitioner alleges (1) she received ineffective assistance of counsel, (2) she was denied her right to a fair trial due to irregularities that occurred in the jury room and the fraternization between the sheriff and the jurors, (3) irregularities regarding the conclusions of the coroner were raised after his death and these irregularities deprived her of a fair trail, (4) the initial and follow-up investigations by law enforcement officers were substandard and unprofessional, (5) the initial investigator had a conflict, (6) prosecutorial misconduct because witnesses committed perjury in exchange for promises and/or favors, (7) the trial court judge should have been recused, (8) the trial court erred when it denied her motion for a continuance, (9) the trial court erred when it failed to exclude prejudicial hearsay remarks, and (10) the evidence was insufficient to prove her second degree murder conviction.

For the reasons stated below, Petitioner's application for habeas relief should be dismissed for failure to exhaust state court remedies.

## LAW AND ANALYSIS

Habeas corpus relief is available to a person who is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. However, the right to pursue habeas relief in federal court is not unqualified. It is well settled that a petitioner seeking federal habeas corpus relief cannot collaterally attack his state court conviction in federal court until he has exhausted all available state remedies. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); Minor v. Lucas, 697 F.2d 697 (5th Cir. 1983).

This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. See Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, (1971);

Rose, 455 U.S. at 509, 102 S. Ct. at 1198. Moreover, in the event that the record or the habeas corpus petition, on its face, reveals that the petitioner has not complied with the exhaustion requirement, a United States district court is expressly authorized to dismiss the claim. See Resendez v. McKaskle, 722 F.2d 227, 231 (5th Cir. 1984).

Petitioner admits that at the time she filed her petition, her application for post conviction relief was pending in the Supreme Court of Louisiana. [Doc. 1, p. 5 and Doc. 2]. Thus, Petitioner has failed to exhaust all available state court remedies.

Since filing this petition, Petitioner has filed a new petition for writ of habeas corpus. See 5:10-cv-1593.

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DISMISSED WITHOUT PREJUDICE.**

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy

shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 26th day of September 2012.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE